# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1836, AT NORTHAMPTON.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

## Persis Dewey *versus* Frederick Morgan

A testator, after devising one third of his real estate to his wife for her life, and reciting, that he had hitherto done something for his children when they were setting out in the world, according to his abilities, gave to his children, including F., the tenant, one dollar each, and then proceeded as follows : " And I constitute and appoint my son F. sole executor of this my last will and testament, and I give unto my son F. my wearing apparel and the whole of the farming utensils," &c. ; and it is my will, that my said executor collect in all the money or debts I may have due to me at my decease, and also pay out and settle all the debts I may owe at my decease, and when my estate is all settled by my said executor, it is my will, that the remainder all go to my said son F." At the time when the will was made, the testator also executed a deed of a parcel of his real estate to the tenant, and gave it to a third person, to be delivered after the death of the testator. The testator was possessed of no other personal property than that described in the will. The tenant lived with him for more than twenty years preceding his death ; and no one of his other children lived with him during that period. It was *held*, that the remainder of the real estate of the testator passed to F. in fee, by the residuary clause of the will

Dewey
v.
Morgan.

WRIT of entry. The parties stated a case.

The demandant and the tenant were children of Reuben Morgan, who died in 1811

Reuben Morgan, by his will, devised to his wife the improvement of one third part of all his real estate, during her life, and the whole of his household furniture, &c., to be at her own disposal; and after reciting, that "whereas, heretofore, I have done something for my children, when they were setting out in the world, according to my abilities," he gave to his children, including the demandant and the tenant, the sum of one dollar each. The testator then proceeded as follows: " And I constitute and appoint my son, Frederick Morgan, sole executor of this my last will and testament, and I give unto my son, Frederick, my wearing apparel and the whole of the farming utensils, viz. such as carts, ploughs, chains, axes, &c. of all kinds ; and it is my will, that my said executor collect in all the money for debts I may have due to me at my decease, and also pay out and settle all the debts I may owe at my decease ; and when my estate is all settled by my said executor, it is my will, that the remainder all go to my said son Frederick."

At the time of the execution of the will, the testator being seised of two several tracts of land, the one of the value of $1000, and the other worth from $1500 to $1800, made a deed of the first mentioned tract to the tenant, and gave it to a third person, to be kept by him with the will, until after the testator's death, when it was to be delivered to the tenant. The deed was accordingly delivered to the tenant after the death of the testator. At the time of his death he was possessed of no other personal property than that described in the will.

The tenant had lived with the testator from a time soon after he was twenty-one until the testator's death, the tenant then being forty-six years old. Their property in stock, tools, &c. were distinct, though kept in the same barn and houses. At the time when the tenant came of age, all the other children of the testator were married and living away from him, excepting one daughter, and she was married soon after and moved away.

The demandant, as one of the heirs at law, was entitled to

ɔne eighth part of the land described in the declaration, unless it was otherwise disposed of in the will.

The Court were to give such judgment upon these facts, as should be conformable to law.

*Wells* and *Atwood*, for the demandant.

*Brooks*, for the tenant.

SHAW C. J. delivered the opinion of the Court. The question in this case, depends altogether upon the construction of the will of Reuben Morgan, the father of the parties. If the operation of the will is, to give the residue of his estate to the tenant, it is conceded, that the present action, in which the land is claimed by descent, as intestate property, by the demandant as heir at law to her father, cannot prevail.

In construing a will the intent of the testator is to govern, unless repugnant to the rules of law ; and the whole is to be taken together. Another rule applicable to the present case is, that the exact grammatical sense and collocation of words, will not govern, to the exclusion of the apparent intent, reading the language conformably to its general scope ; and this consideration is the more important, when it is manifest that the will is illiterate.

The Court are of opinion, reading this will, subject to the guidance of these rules, that the testator intended to dispose of his whole estate, and that after the specific bequests, it was his intention to give the whole of his remaining property to his son, Frederick.

This construction undoubtedly renders nugatory some provisions of the will, such as the nominal legacy of one dollar to Frederick, and also the gift of certain personal property. But this is only an instance of that redundancy, which is often found, especially in illiterate wills, drawn by persons not conversant with rules of construction. The terms are, after specific directions to Frederick, as sole executor, " and when my estate is all settled by my said executor, it is my will that the *remainder all* go to my said son, Frederick." The construction is, all the remainder of my estate. The word *all* repeated strengthens this construction. The word " estate," is sufficiently broad, in its import, to carry real as well as personal property, unless limited or restrained by the context, or

Dewey
*v.*
Morgan.

*Sept* 27th.

*Sept* 30th

by some express or tacit reference to other provisions ; and in this will there is no such previous enumeration of personal property as to control the general words.

The recital, that the testator had done something for his other children, and his giving them nominal legacies, shows, that he did not intend to make an equal distribution among his children. The phrase " done something," probably originated in that caution, which avoids a more exact recital, lest the fact should be afterwards controverted by some of the children, and thus lead to family disputes. It was contended, that the word " remainder," in the last clause in the will, was so connected with debts and other matters of personalty, that it must mean the remainder of such personalty. But this argument is not well founded ; the clause immediately before the residuary clause in question, is a direction to collect what should be due to the testator and pay all the debts he might owe, a direction indeed wholly superfluous, because it would be his duty, without such direction. Then commences a separate and independent clause, already quoted : " And when my estate is all settled," &c. &c. The word " remainder " then, has reference to the whole of the will, and gives all not before disposed of. If it be held, that *remainder* must be property of the same kind which is given here, it is so ; he had given a freehold estate to his wife, in one third of his real estate ; then the remainder embraced the two thirds not given, and the remainder expectant on the termination of the wife's life estate, in the one third. The immediate antecedent to remainder is " estate " ; and in a will this word carries a fee.

The proof arising from the extraneous facts does not much vary this result. It shows a reason why the testator should have a particular regard for Frederick, who had remained with him many years, and give him a preference over those, who had been settled away from him.

The making of the deed can have no effect ; perhaps the testator erroneously supposed that a deed would be more effectual than a will to execute his intent. But whatever his view was, it is immaterial. Had the deed been to another person, as supposed in the argument, it would have presente a very different question.

*Demandant nonsuit.*